THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Alonzo Etheredge, Appellant.
 
 
 

Appeal From Lexington County
James R. Barber, III, Circuit Court Judge

Unpublished Opinion No. 2011-UP-485
Submitted October 1, 2011  Filed October
 28, 2011 

AFFIRMED

 
 
 
Appellate Defender Elizabeth Franklin-Best, of Columbia, for
 Appellant.
Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General David Spencer, all of Columbia; and Solicitor Donald V. Myers,
 of Lexington, for Respondent.
 
 
 

PER CURIAM: 
 Alonzo Etheredge appeals his conviction for intimidation of a potential
 witness.  On appeal, he argues that the trial court erred in denying his motion
 for a directed verdict.  We affirm.  
We hold the trial court properly denied Etheredge's motion for a directed
 verdict.  Section 16-9-340 makes it "unlawful for a person by threat . .
 . to: (1) intimidate or impede a . . . witness, or potential juror or witness .
 . . in the discharge of his duty as such."  S.C. Code Ann. § 16-9-340(A)
 (2003).  In the instant case, Etheredge sent a number of letters to the victim,
 his former girlfriend and a potential witness in a criminal case pending
 against him.  The letters threatened physical harm due to her participation and
 cooperation with the investigation and prosecution of his criminal case. 
 Because Etheredge specifically targeted the victim in her capacity as a
 potential witness for the State in his pending criminal trial, the threats in
 the letters fall within the conduct proscribed by section 16-9-340.  Accordingly,
 the State proffered sufficient evidence to overcome Etheredge's motion for a
 directed verdict.  See State v.
 Weston, 367 S.C. 279, 292, 625 S.E.2d
 641, 648 (2006) (holding "[w]hen ruling on a motion for a directed
 verdict, the trial court is concerned with the existence or nonexistence of
 evidence, not its weight").
 AFFIRMED.[1]
FEW, C.J., THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.